IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Ex-Cell Home Fashions, Inc. | ) | Case No. 21-11138 (MFW) |
| | ) | |
| Debtor. | ) | Hearing Date: September 7, 2021 @ 10:30 a.m. |
| | ) | Objection Deadline: At the Hearing |
| | ) | |

**MOTION OF STAR ASIA INTERNATIONAL, INC.
FOR RELIEF FROM STAY TO PERMIT EXERCISE OF LIEN RIGHT**

Star Asia International, Inc. ("Star Asia") moves this Court for entry of an order, substantially in the form attached as <u>Exhibit B</u>, granting Star Asia relief from the automatic stay to permit exercise of it maritime lien rights before the property is destroyed by the warehouse or otherwise becomes worthless. In support thereof Star Asia states as follows:

**Jurisdiction, Venue, and Predicates for Relief**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding and this Motion in this District and before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The grounds for the relief requested in this Motion are 11 U.S.C. § 362(d), Federal Rule of Bankruptcy Procedure 4001, and Rule 4001-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

{00226147-2}

## Background

3. On August 11, 2021 (the "Petition Date"), the Debtor filed a voluntary petition in this Court commencing cases (the "Case") for relief under Chapter 7 of the Bankruptcy Code.

4. Star Asia is a non-vessel operating common carrier ("NVOCC") licensed by the Federal Maritime Corporation ("FMC") that is a longtime provider of transportation and related services on behalf of Ex-Cell Home Fashions Inc. ("Ex-Cell" or the "Debtor"). *See, Affidavit of Brendan Collins* attached hereto as Exhibit A and incorporated herein by reference.

5. Star Asia is owed $1,562,831.20 for transportation services provided on behalf of the Debtor. The services provided by Star Asia are subject to the Star Asia Bill of Lading Terms and Conditions, as reflected in Star Asia's tariff. *See* https://star-asia.com/TC.pdf *Id*.

6. Star Asia currently has goods in its possession which it was transporting on behalf of the Debtor. The value of the goods in Star Asia's possession is far less than the amount Star Asia is owed for transportation services provided. *Id*.

7. The Debtor does not have money to pay Star Asia's outstanding invoices and Star Asia is incurring and will continue to incur substantial storage and related charges continue to accrue on the Goods. *Id*.

8. Due to the widespread congestion that is currently plaguing the transportation industry, it is still difficult to find space to store cargo, including the Goods and Warehouses are threatening to simply dump cargo rather than to continue to store cargo, including the Goods. *Id.*

9. Star Asia is seeking relief from stay to sell the Goods identified in the attachment to the Declaration before incurring additional costs and while there is still some value remaining for the Goods. *See Id*.

**Relief Requested and Basis for Relief**

11. Star Asia Movants urges this Court to exercise its discretion and, pursuant to 11 U.S.C. § 362(d), lift the automatic stay to permit Star Asia to exercise its lien rights and sell the property in which it has a maritime lien.

**Argument**

12. Section 362(d) of the Bankruptcy Code provides: On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A )the debtor does not have equity in such property; and (B)such property is not necessary to an effective reorganization. 11 U.S.C. § 362(d). Under the application of § 362(d)(1), relief from the automatic stay with respect to Star Asia's maritime lien is warranted.

13. Star Asia moves for relief from the automatic stay as to the Debtor to sell property subject to its maritime lien which sale is extremely time sensitive. *Id*.

14. The Third Circuit has recognized that possessory maritime liens are senior to the interests of other secured creditors. *In re World Imports,* 820 F.3d 576 (3d Cir 2016). Accordingly, under binding precedent, the security interests of Star Asia trump those of any other creditor and Star Asia is fully secured in the Goods in its possession.

F 15. The automatic stay is not intended to be indefinite or absolute, and relief from the

{00226147-2}

stay may be granted in appropriate circumstances. Wedgewood Inv. Fund Ltd. v. Wedgwood Realty Group, Ltd. (In re Wedgewood), 878 F.2d 693, 697 (3d. Cir. 1989). Section 362(d) of the Bankruptcy Code authorizes this Court to lift or modify the automatic stay for cause. Bankruptcy courts determine cause on a case-by-case basis. See In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992); In re Merchant, 256 B.R. 572, 576 (Bankr. W.D. Pa. 2000). Courts consider what constitutes cause based on the totality of the circumstances in each particular case. Baldino v. Wilson (In re Wilson), 116 F.3d 87, 90 (3rd Cir. 1997) (citing In re Trident Assocs., 52 F.3d 127 (6th Cir. 1995)). Cause may exist whenever the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors. In re Chirillo, 84 B.R. 120, 123 (Bankr. N.D. Ill. 1988).

16. Courts have identified three factors to analyze when presented with a motion for stay relief: "(1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted." In re Cont'l Airlines, Inc., 152 B.R. 420, 424 (D. Del. 1993); In re Peregrine Sys., Inc., No. 02-12740, 2005 WL 2401955, at *3 (D. Del. Sept. 29, 2005); In re Tribune Co., 418 B.R. 116, 126 (Bankr. D. Del. 2009).

17. Here, cause exists for relief from the automatic stay, pursuant to 11 U.S.C. §362(d), to allow Star Asia relief from stay pursuant to its rights under its maritime lien. Movants also respectfully submit that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Federal Rule of Bankruptcy Procedure 4001(a)(3).

18. First, the Debtor will not suffer prejudice from entry of an order granting the relief requested in this Motion. If this Motion is granted, Star Asia intends to sell the property

subject to its maritime lien in which it has a secured priority interest before the costs continue to mount from storage while there is an active buyer and before the warehouse treats the property as abandoned and destroys the goods. As such, the Debtor will suffer little, if any, prejudice from modifying the automatic stay to accommodate Star Asia.

19. Second, balancing hardships, Star Asia stands to be severely prejudiced if this Motion is denied because Star Asia will continue to accrue warehousing costs and lose the buyer that currently is willing to buy the goods. *See Affidavit of Brendan Collins attached hereto as Exhibit A*.

20. Third, Star Asia will likely prevail on the merits. Star Asia has a maritime lien that is superior to any other secured creditors claims.

### Waiver of Stay

21. Star Asia further requests waiver of the 14-day stay of Federal Rule of Bankruptcy Procedure 4001(a)(3) and that the Order granting this Motion become effective immediately upon entry. Star Asia requests that the first hearing on this Motion be treated as a final hearing, pursuant to 11 U.S.C. § 362(e)(1).

WHEREFORE, Star Asia requests that this Court enter an Order granting it relief from the automatic stay; and such other and further relief as this Court deems just and proper.

Dated: September 2, 2021
Wilmington, Delaware

**MONZACK MERSKY AND BROWDER, P.A.**

*/s/ Rachel B. Mersky*
Rachel B. Mersky (#2049)
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801

{00226147-2}

Telephone: (302) 656-8162
Facsimile: (302) 656-2769
rmersky@monlaw.com

*Counsel to Star Asia International, Inc.*